72 P.3d 842 (2003)
205 Ariz. 442
The MAY DEPARTMENT STORES CO, et al.,
v.
MARICOPA COUNTY, et al.
No. TX 2001-000630.
Tax Court of Arizona.
June 24, 2003.

*843 MINUTE ENTRY

Hon. PAUL A KATZ.

Nature of the Case
The Court having taken the parties' cross-motions for summary judgment under advisement; having reviewed the memoranda of the parties and legal authorities cited therein; and good cause appearing,
The Plaintiffs (the "Taxpayers") are the owners of nineteen anchor department stores located in several malls throughout the Phoenix metropolitan area. The parties have identified five of those stores, located in the Superstition Springs, Arrowhead, Scottsdale Fashion Square, Metro Center and Desert Sky malls, that they have agreed will be representative properties. Four of the subject properties are operated pursuant to a Construction, Operation and Reciprocal Easement Agreement ("COREA"). The COREA provides for the common management of the stores as part of the malls in which they do business. The fifth subject property is operated pursuant to a lease that addresses the common facilities management terms that govern the Taxpayer's conduct. The Taxpayers contend that the Assessor's and/or Board of Equalization's determinations of the full cash values of the subject properties for tax year 2002 are excessive. The Taxpayers further contend the subject properties are entitled to be valued pursuant to A.R.S. § 42-13201 et seq. (the "Shopping Center" statute) and, therefore, the values of the subject properties should be determined pursuant to the "straight line building residual" ("SLBR") method in A.R.S. § 42-13203(D).

Legal Discussion
Under A.R.S. § 42-13201 a shopping center is an area that: 1) is comprised of three or more commercial establishments, 2) the purpose of which is primarily retail sales, 3) that has a gross leasable area of at least twenty-seven thousand square feet, 4) that is owned or managed as a unit, and 5) with at least one of the establishments having a gross leasable area of at least ten-thousand square feet, and that is either owner-occupied or subject to a lease that has a term of at least fifteen years. The Arizona Department of Revenue ("ADOR") has further dealt with how to determine if a property qualifies as a shopping center. ADOR has determined that the collective holdings of several owners can qualify as a shopping center if the holdings are managed and operated as a unit. ADOR Assessment Procedures Manual, pg. 2.2.B.7. ADOR further states that if the holdings are to be managed as a unit, "management must be evidence by a contractual agreement that addresses some, if not all, of the following: common advertising, operating hours, building maintenance, parking lot maintenance, common insurance, and central facilities management." Id. That contractual agreement must uphold the management of the entire property as a single economic unit. ADOR Assessment Procedures Manual, pg. 2.2.B.8.
The malls, of which the subject properties are a part, each comprise three or more commercial establishments, the purpose of which is primarily retail sales, are owned or managed as a unit, have a gross leasable area in excess of twenty-seven thousand square feet, and each has at least one anchor department store which has more than ten-thousand square feet that is owner-occupied or leased for a term of at least fifteen years. As the subject properties are not commonly owned by the owner/developer of the mall, *844 the issue is whether the subject properties are managed as part of the mall unit.
The subject properties are anchor department stores under the Shopping Center statute. Four of the subject properties are owner-occupied under A.R.S. § 43-13201, i.e. they are occupied by the department store owner. The remaining subject property is on a lease of fifteen years or longer from the shopping center owner/developer. As stated above, each property is operated pursuant to either a COREA or a long-term lease agreement. Each agreement provides for the common operation and management of various aspects of the malls, inclusive of the anchor stores, including: parking, building specifications and maintenance, insurance, facilities management, operation as a regional shopping center, operating hours, and advertising. The specific agreements contain various combinations of those provisions. Also pursuant to the lease and/or sales agreement the retailer is responsible for paying property tax on its own property. The agreements to which the properties are subject establish that the properties and the rest of the mall to which they are attached are operated as a unit. The application of A.R.S. § 43-13201 is dependent upon the cohesiveness of the retailers within a mall or shopping center and not upon whether the mall owner is assessed taxes on all the properties within the center and passes the obligation on to its tenants by lease or contract, or whether the retailer is independently assessed property taxes on their occupied space within the shopping center. These stores have to be attached to the mall in order for the mall itself to be entitled to valuation as a shopping center under A.R.S. § 42-13201.
The Court finds that for the Shopping Center statute to be given meaning it would have to be applicable to individual owners/taxpayers within the shopping center just as it would be available to the mall owner if it were the sole taxpayer, provided the elements of the statute are satisfied. It would also render the statute meaningless if it was applicable only to situations in which the mall owner were to contest the tax assessment on behalf of all the tenants and anchor store owners. Therefore, this Court concludes that the subject properties are entitled to valuation as "shopping centers" under A.R.S. § 42-13201.

Order
NOW, THEREFORE,
IT IS ORDERED granting the Taxpayer's motion for partial summary judgment as to whether the subject properties are "shopping centers" under A.R.S. § 42-13201 and denying the County's cross-motion for partial summary judgment on that issue.
IT IS FURTHER ORDERED denying both parties motions for partial summary judgment as to the method to be employed in valuing the subject properties. The Court finds there are genuine issues of material fact as to whether the income method can be properly applied in this case. The Court will not exclude its use as a matter of law as suggested by the County.
IT IS FURTHER ORDERED designating this opinion for publication.